# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **ELECTRO-MECHANICAL CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:11CV00071 |
| v. | ) ) | **OPINION AND ORDER** |
| **POWER DISTRIBUTION PRODUCTS, INC., ET AL.,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*James P. Murphy, McAndrews, Held & Malloy, Chicago, Illinois, Brady J. Fulton, Northup, McConnell & Sizemore, PLLC, Asheville, North Carolina, and Kurt J. Pomrenke, Curcio Stout & Pomrenke, PC, Bristol, Virginia, for Plaintiff; John D. Luken, Tammy L. Imhoff, Monika J. Hussell, Robert M. Stonestreet, and Olen L. York, III, Dinsmore & Shohl LLP, Cincinnati, Ohio, and Charleston, West Virginia, and Eric R. Thiessen, McElroy, Hodges, Caldwell & Thiessen, Abingdon, Virginia, for Defendants.*

In this action alleging infringement of U.S. Patent No. 7,277,294 ("the ′294 patent"), the parties have filed in advance of trial several motions in limine. I will grant in part and deny in part the plaintiff's first motion in limine and will grant the plaintiff's second and third motions in limine. I will deny the defendants' motion because it asks me to resolve issues of fact and is premature.

I

The factual and procedural background of this case is detailed in two earlier opinions. *Electro-Mechanical Corp. v. Power Distribution Prods.*, No. 1:11CV00071, 2013 WL 663302 (W.D. Va. Feb. 22, 2013); *Electro-Mechanical Corp. v. Power Distribution Prods.*, No. 1:11CV00071, 2012 WL 2924001 (W.D. Va. July 18, 2012). Because I write primarily for the parties, I do not restate the facts here. The parties have fully briefed and orally argued their motions in limine.

II

A. EMC'S MOTIONS IN LIMINE.

Plaintiff Electro-Mechanical Corporation ("EMC") first asks me to preclude the defendants from offering evidence or argument construing claim terms that I have not already construed. While this request is rather abstract, EMC more specifically asks me to prevent the defendants from arguing any particular construction of the phrase "controlling movement" other than its plain and ordinary meaning. Similarly, EMC broadly requests that I declare that all as-yet-unconstrued claim terms have their plain and ordinary meanings, and that I preclude the entry of any evidence or argument that the terms mean anything other than their plain and ordinary meanings.

In response, the defendants assert that if I decide the term "controlling movement" indeed needs no construction, then the parties should not be limited in the evidence and argument they can offer regarding that term. Alternatively, the defendants urge me to construe the phrase "said disconnect mechanism controlling movement of said movable frame relative said stationary frame" to mean "a component of the disconnect mechanism that either restrains or directs movement of the movable frame relative to the stationary frame." (Defs.' Resp. in Opp'n 2.)

I find that the phrase "controlling movement" requires no construction. At this time, I will not limit the evidence the parties can present to the jury regarding the plain and ordinary meaning of that term to a person of ordinary skill in the art. I will entertain objections to specific evidence and arguments at trial.

EMC next asks me to preclude the defendants from offering any evidence or argument regarding any alleged inequitable conduct on the part of the patent applicant during patent prosecution because the defendants have not asserted inequitable conduct as an affirmative defense or in a counterclaim. EMC argues that any evidence of inequitable conduct is irrelevant and would be unduly prejudicial to EMC.

The defendants counter that evidence that relevant prior art was not before the patent examiner is relevant to their affirmative defense of invalidity, because

the presumption of patent validity may be diminished somewhat if the patent examiner did not consider all relevant prior art before issuing the patent.

The defendants are correct that the fact that certain prior art was not before the patent examiner is relevant with respect to the validity of the patent. *See Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260-61 (Fed. Cir. 2012). However, arguments and evidence implying wrongful conduct on the part of the applicant in withholding or failing to disclose such prior art are not relevant where, as here, the defendants have asserted no defense or counterclaim of inequitable conduct. Therefore, I will grant EMC's motion in limine to the extent that it seeks to preclude evidence or arguments to the effect that the patent applicant knew about the relevant prior art and either deliberately or negligently failed to disclose it to the patent examiner. The defendants may, however, offer evidence that the patent examiner did not consider the prior art that they contend renders the ′294 patent claims anticipated or obvious.

Finally, EMC moves for the preclusion of any evidence or argument related to patent claims that it is no longer asserting in this action. EMC has limited the claims it will assert at trial to five of the ′294 patent's twenty-seven claims. Two of those five claims are dependent upon other claims. Thus, seven of the ′294

patent's twenty-seven claims will be relevant at trial.[1] EMC asserts that evidence related to any other claims is irrelevant and should be excluded. In particular, EMC asks me to preclude the defendants from making any arguments regarding the reasons why EMC has chosen not to attempt to prove infringement of the unasserted claims.

I agree with EMC and will preclude the defendants from offering evidence of invalidity that is unrelated to the seven patent claims that will be at issue at the trial in this matter. Additionally, the defendants will be precluded from arguing or suggesting to the jury that EMC's choice not to pursue judgment of infringement of the twenty-two unasserted claims is a concession of invalidity or weakness or has any other implication; such arguments are irrelevant to the issues to be tried.

B. DEFENDANTS' MOTION IN LIMINE.

The defendants move to preclude EMC from offering evidence or arguing to the jury the following three positions: (1) a contactor cannot qualify as a disconnect mechanism; (2) a circuit breaker cannot be a contactor or a disconnect mechanism; and (3) the position of a handle or component of a disconnect mechanism other than the electrical contacts cannot satisfy the requirement in Claims 1-21 that a component of the disconnect mechanism must be visible from

---

[1] EMC will argue that the defendants have infringed Claims 4, 14, 17, 22, and 27. Claim 4 depends on Claim 1, and Claim 14 depends on Claim 13.

the exterior of the apparatus. The defendants contend that these three assertions are incompatible with my claim constructions and are thus irrelevant.

EMC counters that it will not assert these arguments in a vacuum, but rather will argue that the elements above, as disclosed in the prior art references identified by the defendants, do not meet the requirements of the claims in the ′294 patent. These issues, according to EMC, are factual issues that must be decided by the jury.

I agree with EMC. The jury must determine whether the prior art references anticipate the claims of the ′294 patent, just as the jury must decide whether the allegedly infringing device does in fact infringe the ′294 patent. Of course, EMC may not offer testimony or make arguments that contradict my claim constructions, and I will entertain any objections to this effect at trial. At this time, however, I decline to preclude EMC from offering relevant testimony and arguments regarding whether elements of prior art satisfy the requirements of the ′294 patent.

The defendants also ask me to bar EMC from offering any evidence or argument that contradicts any responses it made to the defendants' requests for admission. EMC responds that it will not attempt to offer any evidence or argument that is contrary to any of its admissions.

EMC is, of course, bound by any admissions it made in discovery. *See, e.g.*, *Lin v. Gonzales*, 190 F. App'x 301, 307 (4th Cir. 2006) (unpublished); *Adventis,*

*Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172-73 (4th Cir. 2005) (unpublished)). However, the defendants have not identified any particular reason for their concern that EMC will attempt to contradict its admissions. Therefore, EMC's motion is premature. Again, I will entertain specific objections at trial, but at present, I decline to issue an unnecessary order requiring EMC to abide by what it has already admitted.

III

For the foregoing reasons, it is **ORDERED** as follows:

1. The plaintiff's Motion in Limine #1 to Preclude Evidence or Argument by Defendants of New Claim Constructions of Terms that the Court has Not Construed (ECF No. 125) is GRANTED IN PART and DENIED IN PART;

2. The plaintiff's Motion in Limine #2 to Preclude Evidence or Argument by Defendants Concerning Any Alleged Inequitable Conduct (ECF No. 126) is GRANTED;

3. The plaintiff's Motion in Limine #3 to Preclude Evidence or Argument by Defendants Concerning Any Unasserted Claims of the ′294 Patent (ECF No. 127) is GRANTED; and

4. The defendants' Motion in Limine for Exclusion of Arguments and Testimony Contrary to the Court's Claim Construction and Plaintiff's Discovery Admissions (ECF No. 121) is DENIED.

ENTER: March 13, 2013

/s/ James P. Jones
United States District Judge