# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| ELECTRO-MECHANICAL CORPORATION, ) ) ) | |
| ) | Case No. 1:11CV00071 |
| Plaintiff, ) ) | |
| ) | **MEMORANDUM** |
| v. ) ) | |
| ) | By: James P. Jones |
| **POWER DISTRIBUTION** ) | United States District Judge |
| **PRODUCTS, INC., ET AL.,** ) ) | |
| Defendants. ) | |

In this patent case on trial before a jury, the plaintiff has sought to introduce an exhibit which I refused. This Memorandum sets forth more fully my reasons for granting the defendant's objection to the exhibit.

The exhibit, marked as Plaintiff's Exhibit No. 15 for identification, purports to be a two-page typed memorandum of a meeting between employees of the plaintiff and a representative of one of the plaintiff's customers, White Oak Resources, concerning the plaintiff's efforts to sell a longwall power distribution system to White Oak. The Exhibit contains hearsay statements by the participants, including White Oak's representative named Brock Atwell. The plaintiff seeks to introduce the Exhibit under the hearsay exception set forth in Federal Rule of Evidence 803(6), entitled "Records of a Regularly Conducted Activity," also known as the business record exception. The defendants objected.

The author of the Exhibit has not testified. An officer of the plaintiff characterized the Exhibit as minutes of the meeting in question. While he was not present at the meeting, he received a copy of the Exhibit in his capacity as a manager. He testified that the preparation of such minutes was a regular practice of his company with important customers such as White Oak.

An out-of-court statement offered to prove the truth of the matter asserted is generally inadmissible. Fed. R. Evid. 801, 802. Rule 803(6) permits the admission of a record of an event if five requirements are met:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The testimony regarding the Exhibit indicated that elements (A), (B), and (C) were likely satisfied. The witness, an officer of the plaintiff, testified that he

had received the purported minutes shortly after the meeting in question occurred from a person who had attended the meeting. He further testified that employees of the plaintiff regularly met with customers to discuss potential sales, and that minutes were often prepared following a meeting with an important customer such as White Oak. In addition, although the witness was not the author of the Exhibit, he was a qualified witness as an officer of the corporation. Thus, the fourth element of Rule 803(6) is satisfied.

The fifth element, however, weighs in favor of excluding the Exhibit. Rule 803(6)(E) provides that a record should not be admitted if the court deems it untrustworthy. The court has broad discretion in determining whether a document offered under the business records exception is trustworthy. *See, e.g.*, *McNeese v. Reading & Bates Drilling Co.*, 749 F.2d 270, 275 (5th Cir. 1985); *United States v. Patterson*, 644 F.2d 890, 900-01 (1st Cir. 1981). Plaintiff's counsel represented that the purported specifications contained in the Exhibit were provided orally at the meeting in question and were never given to the plaintiff in written form. Indeed, the minutes themselves state that White Oak's representative "verbally supplied specifications for the proposed White Oak longwall." (Pl. Ex. 15.) Yet the specifications contained in the Exhibit are very detailed, and it seems highly unlikely that the author of the Exhibit could have recited these specifications from

memory. Either the author of the minutes included the detailed specifications by referencing another document, which has not been produced to the defendants, or he attempted to recreate them from memory, in which case the accuracy of the Exhibit is questionable.

Moreover, the preparation of the Exhibit occurred while this litigation was well underway. The plaintiff contends that it lost the sale in question to the defendants because the defendants again infringed the plaintiff's patent. Given the timing of the document's creation and the internal inconsistency noted above, I find that the method and circumstances of Plaintiff's Exhibit No. 15 indicate a lack of trustworthiness. For that reason, I hold that it is inadmissible under Rule 803(6).

The plaintiff also sought to introduce the details of the Exhibit through the testimony of its expert, which I also refused. Federal Rule of Evidence 703 provides that if the facts relied upon by an expert "would otherwise be inadmissible," such facts may be disclosed to the jury "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. This balancing test is designed to measure the need for the information in allowing the jury to weigh the expert's opinion as compared to the "potential misuse [by the jury] of the information for substantive purposes."

*Id.* advisory committee note. I find that this test counsels against disclosure to the jury.

          DATED: May 10, 2013

          /s/ James P. Jones
          United States District Judge